IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| HELEN McLAUGHLIN | : | CIVIL ACTION NO. 14-7315 | |
| | : | | |
| v. | : | | |
| | : | NO. 18-5365 (Gastelum) | NO. 18-5362 (Botelho) |
| BAYER ESSURE, INC., et al. | : | NO. 18-5359 (Blair) | NO. 18-5363 (Cleland) |
| | : | NO. 18-5346 (Hooks) | NO. 18-5364 (Gonzalez) |
| And Related Actions | : | NO. 18-5347 (Hoskins) | NO. 18-5366 (Garr) |
| | : | NO. 18-5348 (Hurt) | NO. 18-5367 (Cortez) |
| | : | NO. 18-5349 (James) | NO. 18-5370 (Hope) |
| | : | NO. 18-5350 (Krueger) | NO. 18-5371 (Forrest) |
| | : | NO. 18-5351 (Luterek) | NO. 18-5372 (Grega) |
| | : | NO. 18-5352 (Meachum) | |
| | : | NO. 18-5353 (Pearson) | |
| | : | NO. 18-5356 (Perdue) | |
| | : | NO. 18-5357 (Powell) | |
| | : | NO. 18-5358 (Purkey) | |
| | : | NO. 18-5359 (Stokes) | |
| | : | NO. 18-5360 (Teel) | |
| | : | NO. 18-5361 (Tester) | |

## MEMORANDUM

Padova, J.                                                                                                                            May 24, 2019

Each female Plaintiff in these twenty-four consolidated actions, which Defendants have removed from the Court of Common Pleas of Philadelphia County, seeks compensation for injuries she sustained in connection with her use of Essure, a birth control device.[1] Plaintiffs now seek to remand the cases back to state court, arguing that removal violates the Forum Defendant Rule in 28 U.S.C. § 1441(b)(2). For the following reasons, we deny the Motion to Remand.

## I. BACKGROUND

Plaintiffs commenced all twenty-four of these actions by filing writs of summons in the Court of Common Pleas of Philadelphia County on October 16, 2018. The Defendants in each

---

[1] The lead case, McLaughlin v. Bayer Essure, Inc., Civil Action No. 14-7315, unlike the other cases listed in the caption, was not removed to this Court. However, it is the case under which all of the Essure cases are consolidated in this District. Accordingly, it is included in the case caption even though the Motion that we address is only pertinent to the other twenty-four cases.

case are Bayer Corporation; Bayer U.S. LLC; Bayer HealthCare LLC; Bayer Essure Inc.; and Bayer HealthCare Pharmaceuticals, Inc. On November 5, 2018, Plaintiffs served all five Bayer entities with the writs of summons by personal service as required for original process pursuant to Pennsylvania Rule of Civil Procedure 404. Thereafter, on November 30, 2018, Plaintiffs filed a Complaint in each of the actions. On December 11, 2018, before Plaintiffs had served any Defendant with any of the Complaints, Defendants Bayer Corporation, Bayer U.S. LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc. (the "Removing Defendants") removed the cases to this Court, asserting jurisdiction based on diversity of citizenship. On January 4, 2019, Defendants filed their Notices of Removal with the state court.

Plaintiffs have filed a Motion to Remand all twenty-four cases to the Court of Common Pleas of Philadelphia County. They argue that Defendant Bayer HealthCare LLC, which is a named Defendant in each Complaint but is not one of the Removing Defendants, is a citizen of Pennsylvania and that the Forum Defendant Rule therefore bars removal.

## II. LEGAL STANDARD

The federal removal statute provides, in relevant part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). This Court can assert original jurisdiction over cases based either on diversity of citizenship, 28 U.S.C. § 1332(a), or federal question jurisdiction, 28 U.S.C. § 1331. Once a case is removed, the federal court must remand if it determines that it lacks original federal subject matter jurisdiction. See 28 U.S.C. § 1447(c). The removing party bears the burden of proving the

existence of federal subject matter jurisdiction. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Where "[a] civil action [is] otherwise removable solely on the basis of [diversity] jurisdiction," the Forum Defendant Rule nevertheless provides that the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This Rule is procedural rather than jurisdictional. Encompass Ins. Co. v. Stone Mansion Restaurant Inc., 902 F.3d 147, 152 (3d Cir. 2018) (citations omitted). "Section 1441 exists in part to prevent favoritism for in-state litigants, and discrimination against out-of-state litigants." Id. at 153 (citations omitted). At the same time, the "plain meaning" of § 1441(b)(2) "precludes removal on the basis of in-state citizenship only when the [in-state] defendant has been properly joined and served." Id. at 152 (emphasis added); id. at 153-54 (permitting forum defendant to intentionally evade proper service of a Complaint, remove prior to service, and then avoid application of the Forum Defendant Rule by arguing that it had not been "properly joined and served" within the meaning of the Forum Defendant Rule). Thus, in a situation in which a plaintiff has not properly served the forum defendant(s), a defendant may remove the case to federal court without violating the Forum Defendant Rule. Id. at 152-54; see also id. at 153 (stating that there is a "broader right of removal . . . in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal").

## III. DISCUSSION

In their Notices of Removal, the Removing Defendants assert that we may exercise diversity jurisdiction over all of the twenty-four cases at issue because each Plaintiff is diverse from all five Defendants and the amount in controversy in each case exceeds $75,000. See 28

U.S.C. § 1332(a). Plaintiffs do not dispute that the parties are diverse from one another or that the amount in controversy in each case exceeds $75,000, but they argue that removal is procedurally defective because the Forum Defendant Rule prohibits Defendants from removing based on diversity of citizenship where, as here, one of the Defendants is a citizen of Pennsylvania. The Removing Defendants counter that the Forum Defendant Rule does not bar removal in these cases because the sole Pennsylvania Defendant – Bayer HealthCare LLC – was not "properly joined and served" as it was not served with the Complaint prior to removal. Plaintiffs maintain, however, that Bayer HealthCare LLC was "properly joined and served" because Plaintiffs served it with the writs of summons. Thus, the primary question raised by Plaintiffs' Motion is whether service with a writ of summons suffices to satisfy the "properly joined and served" condition of the Forum Defendant Rule.[2]

In Pennsylvania, a case may be commenced by filing either a praecipe for a writ of summons or a Complaint. Pa. R. Civ. P. 1007. Where an action is commenced by writ of summons, it is nevertheless the defendant's receipt of the Complaint (through service or otherwise)

---

[2] In the alternative to arguing that the Forum Defendant Rule applies, Plaintiffs also argue that the case should be remanded because Defendants failed to promptly file their notices of removal with the state court as required by 28 U.S.C. § 1446(d), but rather waited 24 days after removal before filing the notices of removal in the Philadelphia Court of Common Pleas on January 4, 2019. See 28 U.S.C. § 1446(d) ("Promptly after the filing of [the] notice of removal [in the federal court,] the defendant . . . shall file a copy of the notice with the clerk of [the] State court . . . ."). However, "[c]ases have held that filing notice to the state court within one month after removal in federal court is deemed 'prompt,' as required by § 1446." Bajrami v. Reliance Standard Life Ins. Co., 334 F. Supp. 3d 659, 661 n.14 (E.D. Pa. 2018) (citations omitted); see also Tube City IMS Corp. v. Allianz Glob. Risks U.S. Ins. Co., Civ. A. No. 2:14-1245, 2014 WL 6682577, at *4 (W.D. Pa. Nov. 25, 2014) (approving and adopting magistrate judge's report and recommendation that a 24-day delay satisfied § 1446's promptness standard); Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000) (finding a "relatively short" 36-day delay, during which state court took no action, to be "harmless"). We therefore conclude that Defendants' January 4, 2019 filing of the Notice of Removal in the state court satisfied the prompt filing requirement of § 1446(b), and we reject Plaintiffs' argument that remand is warranted because Defendants failed to comply with that requirement.

that triggers the 30-day removal period in 28 U.S.C. § 1446(b).[3] Car Sense, Inc. v. Signet Fin. Grp., Inc., Civ. A. No. 12-2512, 2012 WL 13014938, at *2 (E.D. Pa. July 9, 2012) (citing Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 221-23 (3d Cir. 2005)); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons . . . ."); Sikirica, 416 F.3d at 223 ("[A] writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under . . . § 1446(b)."). This is because it is the Complaint that advises the defendant what the suit is about and thereby reveals any potential basis for removal. Sikirica, 416 F.3d at 223; Car Sense, 2012 WL 13014938, at *2 (discussing DiLoreto v. Costigan, Civ. A. No. 08-989, 2008 WL 4072813, at *3 n.4 (E.D. Pa. Aug. 29, 2008), aff'd, 351 F. App'x 747 (3d Cir. 2009)). In addition, the United States Court of Appeals for the Third Circuit's holding that the Complaint is the "initial pleading" that triggers the removal period in § 1446 allows for "uniform operation [of the removal statutes] across the nation," without regard to whether or not a state provides for commencement of an action by writ of summons. Sikirica, 415 F.3d at 223 (citing Murphy Bros., 526 U.S. at 351); see also Murphy Bros., 526 U.S. at 351 (explaining that when Congress originally enacted and subsequently amended § 1446(b), it had a goal of ensuring uniform operation in all the states).

---

[3] Service of original process – whether a writ of summons or a Complaint – must ordinarily be effectuated by personal service. Pa. R. Civ. P. 402(a). In contrast, "[s]ervice by mail of legal papers other than original process is complete upon mailing." Pa. R. Civ. P. 440(b). Thus, where an action is commenced by writ of summons, subsequent service of the Complaint may be accomplished by regular mail, id. 440(a)(1)(i), and service is presumed complete upon mailing, id. 440(b).

5

While it is service of the Complaint that triggers the 30-day removal period, Plaintiffs contend that service of the writ of summons suffices to "properly join[] and serve[]" a defendant for purposes of the Forum Defendant Rule. 28 U.S.C. § 1441(b)(2). However, we cannot allow service of the writ of summons to play such a central role in application of the Forum Defendant Rule when the United States Supreme Court and the Third Circuit have made it clear that the <u>Complaint</u> is the operative pleading for purposes of starting the removal process and the writ is largely inconsequential. See <u>Murphy Bros.</u>, 526 U.S. at 347-48; <u>Sikirica</u>, 416 F.3d at 223. Moreover, a conclusion that the service of the writ is sufficient to satisfy the "properly joined and served" requirement of the Forum Defendant Rule would frustrate Congress's intent to provide for the "uniform operation [of the removal statutes] across the nation," because some forum defendants would be considered "properly joined and served" (and thus prohibited from removing) prior to even knowing the nature of the suit against them while others would not be considered joined and served (and thus prohibited from removing) until they received a Complaint setting forth the precise claims against them. <u>Sikirica</u>, 415 F.3d at 223 (citing <u>Murphy Bros.</u>, 526 U.S. at 351); <u>Parker Hannifin Corp. v. Fed. Ins. Co.</u>, 23 F. Supp. 3d 588, 592-93 (W.D. Pa. 2014) ("To accept [the] argument that 'properly . . . served' means proper service of a complaint *or* writ of summons, would encourage variety across the nation and would not encourage Congress' intent of uniform application of removal states." (second alteration in original)).

It is also important to recognize that the removal statutes contain two provisions that use the phrase "properly joined and served," and we must attempt to construe these two provisions consistently. See <u>Sikirica</u>, 416 F.3d at 223 (observing that "[s]tatutes must be construed 'as a symmetrical and coherent regulatory scheme, one in which the operative words have a consistent meaning throughout'" (quoting <u>Gustafson v. Alloyd Co.</u>, 513 U.S. 561, 569 (1995)); <u>see also</u> <u>In re</u>

6

Fed. Mogul-Global, Inc., 348 F.3d 390, 407 (3d Cir. 2003) (stating that "'[i]dentical words used in different parts of the same act are intended to have the same meaning'" (alteration in original) (quoting Barnhart v. Walton, 535 U.S. 212, 221 (2002))). The Rule of Unanimity in § 1446(b)(2)(A) provides that when an action has been removed on the basis of federal question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Courts in this district have concluded that the "properly joined and served" language in the Rule of Unanimity refers to service of the Complaint, not the writ of summons. Car Sense, 2012 WL 13014938, at *2 (citation omitted); DiLoreto, 2008 WL 4072813, at *3 n.4. Those courts have reasoned that "requiring a defendant's consent only when the defendant's removal period is triggered provides consistency and also accords with the Supreme Court's reasoning that a defendant's action on removal is required only after the defendant knows the basis of possible removal through receipt of a complaint." Car Sense, 2012 WL 13014938, at *2 (citing DiLoreto, 2008 WL 407813, at *3 n.4).

When we apply this same interpretation that is applied to the "properly joined and served" language in the Rule of Unanimity to the "properly joined and served" language in the Forum Defendant Rule, we can only conclude that forum defendants who have been served with the writ of summons and have not yet received the Complaint should not be considered "properly joined and served" for purposes of the Forum Defendant Rule. Thus, consistency demands that the presence in litigation of a forum defendant who has been served with a writ of summons but not the Complaint does not defeat removal that is grounded on diversity jurisdiction. Parker Hannifin, 23 F. Supp. 3d at 592 (agreeing that "proper service as contemplated by § 1441(b)(2) is proper service of the *complaint*"). This rule reduces gamesmanship insofar as it "helps to ensure the plaintiff is serious about moving forward with a lawsuit against the forum-defendant and is not

7

merely [naming the forum-defendant in the suit] to avoid[] the federal forum." Parker Hannafin, 23 F. Supp. 3d at 593; see also Encompass, 902 F.3d at 153 (noting that commentators have concluded that the purpose of the Forum Defendant Rule's "properly joined and served" requirement is "'to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve'" (quoting Arthur Hellman, et al., Neutralizing the Strategem of "Snap Removal": A Proposed Amendment to the Judicial Code, 9 Fed. Cts. L. Rev. 103, 108 (2016), and citing Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014))).

Plaintiffs argue that that "allowing Defendants to remove the above-captioned cases due to the fact that the forum defendant was not formally served with the complaints . . . , despite them being personally served with the summons, would produce an absurd and bizarre result and undermine [the] legislative intent behind the statute and Forum Defendant Rule." (Pls.' Reply Br. at 7); see In re Kaiser Aluminum Corp., 456 F.3d 328, 338 (3d Cir. 2006) (stating that it is a "basic tenet of statutory construction . . . that courts should interpret a law to avoid absurd or bizarre results" (citation omitted)). However, as explained above, we conclude that permitting removal under such circumstances is completely consistent with the language of the removal statutes and the prior caselaw concerning those statutes. And while the rule we apply today encourages some level of gamesmanship because it arguably encourages defendants who have been served with writs of summons to strategically remove before a forum defendant is properly served with the Complaint, we are confident that the rule's effect in this regard will be slight. Indeed, in this case, it is likely that Plaintiffs could have avoided the result they now face by merely mailing the Complaint to all of the named Defendants simultaneously with their filing of the Complaint. See Pa. R. Civ. P. 440(b) (providing that service of legal papers other than original process may be

accomplished by regular mail and that service is presumed complete upon mailing). Finally, in assessing whether the result we reach is "absurd or bizarre," we are guided by the Third Circuit, which has interpreted the Forum Defendant Rule to permit a forum defendant to strategically evade service in order to avoid application of the Forum Defendant Rule and has concluded that the practical outcome of that interpretation of the Rule is not "so outlandish as to constitute an absurd or bizarre result." Encompass, 902 F.3d at 153-54. In light of this precedent, we conclude that an interpretation of the Forum Defendant Rule that permits removal before the forum defendant is properly served with the Complaint is not "so outlandish as to constitute an absurd or bizarre result." Id. Accordingly, we conclude that service with a writ of summons does not suffice to satisfy the "properly joined and served" condition of the Forum Defendant Rule, and thus the Forum Defendant Rule does not prohibit removal of this action to this Court where Bayer HealthCare LLC was not properly served with the Complaint prior to removal.

## IV. CONCLUSION

For the foregoing reasons, we deny Plaintiffs' Motion to Remand. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.